UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LESEAN BRADDOCK and BRYSON PORTER,<br><br>　　　　　Defendant. | Case No. 2:19-cr-00269-JCM-EJY<br><br>**ORDER** |

　　　　Before the Court is Defendant Lesean Braddock's Motion for Notice of Intent to Use Character Evidence Pursuant to FRE 404(b)(2)(A); (B).  ECF No. 65.  The Court has considered Braddock's Motion and the Government's Response in Opposition (ECF No. 67).  No reply was filed.

**BACKGROUND**

　　　　Braddock contends that pursuant to Federal Rule of Evidence ("FRE") 404(b) he should receive 30 days pretrial notice of the Government's intent to introduce evidence of other crimes, wrongs or bad acts allegedly committed by Braddock.  Advance notice, Braddock contends, "facilitate[s] litigation" while providing the defendant "against whom such evidence may be admitted with a fair opportunity to prepare to meet the impact of other uncharged offense evidence." ECF No. 65 at 2 *citing*, *inter alia*, *United States v. Foskey*, 636 F.2d 517, 526 n.8 (D.C. Cir. 1980). Braddock states that his trial date is November 16, 2020, and that the case is unique given the size of the prosecution and voluminous discovery.[1]  Citing *United States v. Flaven*, Case No. 3:13-cr-00104-RCJ-VPC, 2015 WL 2219779 (D. Nev. May 12, 2015), Braddock says disclosure of FRE 404(b) evidence 30 days before trial is appropriate.

　　　　The Government responds that FRE 404(b) requires it to provide only "reasonable notice" of its intent to use such evidence and, in fact, such notice may be given "during trial if the court, for good cause, excuses lack of pretrial notice."  ECF No. 67 at 1 *citing* FRE 404(b).  The Government

---

[1] Braddock also points to the Motion to Sever, which was denied by the Court.  ECF No. 68.

1

states that there is no requirement for 30 days advance notice, that this case not unique, there are a total of 750 Bates-stamped pages of documents (all inclusive), which is not voluminous, and that the Government will comply with its FRE 404(b) notice requirements in advance of trial. There is no need, the Government states, for the Court to order notice 30 days in advance of trial.

**DISCUSSION**

FRE 404(b) is titled "Crimes, Wrongs, or Other Acts" and states:

(1) *Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses; Notice in a Criminal Case*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

There is nothing in this Rule that requires 30 days advance notice by the Government of its intent to use evidence that is otherwise admissible under 404(b).

The court in *Flaven*, cited by Braddock, considered whether there is any requirement for 21 days advance notice, which was granted. 2015 WL 2219779, at *3. While the Court agreed that there was no requirement that such disclosure be made 21 days in advance of trial, the Government offered no alternative timeline. *Id*. In *U.S. v. Sabo*, Case No. 2:07-cr-00081-RLH-PAL, 2008 WL 4224453, at *1 (D. Nev. Sept. 9, 2008), the defendant sought 30 days advance notice of 404(b) evidence, to which the Government responded that it would provide 10 days advance notice. The court stated that "if the government seeks to introduce evidence under Rule 404(b), and ten days advance notice is inadequate for the defendant to respond to the proposed evidence, the defendant's remedy is to seek a continuance. If this occurs, the government risks raising the ire of the District Judge for delaying the trial." *Id*. at 2. The court then denied the defendant's motion. *Id*.

Here, the parties are correct that trial in this matter is currently set for November 16, 2020. The Government is correct that there is nothing unique about this case (a series of three armed

robberies) and 750 Bates-stamped documents is not voluminous. Nonetheless, advance notice of the intent to use 404(b) evidence is required. While the Court appreciates the Government's representation of its intent to comply with its notice requirement, the Government provides the Court with no timeline within which it will do so.

Accordingly,

IT IS HEREBY ORDERED that Defendant Lesean Braddock's Motion for Notice of Intent to Use Character Evidence Pursuant to FRE 404(b)(2)(A); (B) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Government shall provide no less than 21 days before the date set for trial, of its intent, if any, to use FRE 404(b) evidence and make such disclosures as required by the Rule. The disclosure date shall be tied to the trial date.

Dated this 1st day of October, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE