UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

LESEAN ROGER DENNIS BRADDOCK, JR.,

Defendant(s).

Case No. 2:19-CR-269 JCM (EJY)

ORDER

Presently before the court is a second motion to withdraw as counsel for defendant Lesean Roger Dennis Braddock, Jr., filed by his CJA-appointed attorney Jess Marchese. (ECF No. 211). The defendant has also filed a *pro se* motion to remove Mr. Marchese as his counsel of record. (ECF No. 212). Mr. Marchese advises the court that he can no longer represent the defendant as he received correspondence from the defendant purporting to "terminate" him and claiming to have filed a complaint against him with the Nevada Commission on Judicial Discipline. (ECF No. 211).

This is not the first of these motions before the court. In response to a prior *pro se* request for new counsel by the defendant, this court ordered Mr. Marchese to file a status report with the court by January 31, 2024, informing the court of whether he intended to withdraw from the case. (ECF No. 200). Mr. Marchese did not obey the court's order. Mr. Marchese filed nothing until April 6, 2024, when he requested to withdraw as the defendant's attorney for the first time. (ECF No. 205). Mr. Marchese's motion stated simply that the defendant wanted new counsel and that "the case [was] basically over." (ECF No. 205, at 2). At the time of this particular filing, the defendant was scheduled to appear before the court for resentencing in nine days. (ECF No. 202).

James C. Mahan
U.S. District Judge

The court denied Mr. Marchese's first motion for withdrawal because he had not sought to vacate or reset the defendant's imminent resentencing hearing, and "withdrawal of counsel at this time would potentially seriously disadvantage the defendant." (ECF No. 206, at 1). Local Rule IA 11-6(e) provides that "[e]xcept for good cause shown, no withdrawal or substitution [of counsel] will be approved if it will result in delay of discovery, the trial, or any hearing in the case." If withdrawal would result in the delay of "discovery, the trial, or any hearing in the case," the "papers seeking leave of the court for the withdrawal or substitution *must* request specific relief from the scheduled discovery, trial, or hearing." *Id.* (emphasis added).

The resentencing hearing has been rescheduled several times due to the defendant not being transported into this district. The defendant is currently scheduled to appear before the court two days from now, on Friday, June 7, 2024. (ECF No. 210). Mr. Marchese has not requested specific relief from this hearing as required under LR IA 11-6. However, the defendant also informs the court that Mr. Marchese has not returned his calls and messages for several months and has failed to file a sentencing memorandum or objections to the presentence report, despite his requests for Mr. Marchese to do so.[1] (ECF No. 212). The court is now concerned that the defendant may not be receiving adequate representation.

"Where a criminal defendant has, with legitimate reason, completely lost trust in his attorney, and the trial court refuses to remove the attorney, the defendant is constructively denied counsel." *Daniels v. Woodford*, 428 F.3d 1181, 1198 (9th Cir. 2005) (citing *United States v. Adelzo-Gonzalez*, 268 F.3d 772, 779 (9th Cir. 2001)). "A defendant need not show prejudice when the breakdown of a relationship between attorney and client from irreconcilable differences results in the complete denial of counsel." *United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir. 1998). Given the repeated, specific, and serious allegations that the defendant has made against Mr. Marchese; and give the record of the case; the court must grant the defendant's motion to remove Mr. Marchese as his counsel of record. *See United States v. Velazquez*, 855 F.3d 1021,

---

[1] The court also ordered Mr. Marchese to file a sentencing memorandum, and no sentencing memorandum has yet been filed. (ECF No. 195).

1037 (9th Cir. 2017) (finding that a district court abused its discretion by denying a defendant's repeated, even *pro se*, requests for new counsel without conducting an adequate inquiry).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the defendant Lesean Roger Dennis Braddock Jr.'s motion to remove Jess Marchese as his counsel of record (ECF No. 212) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Mr. Marchese's second motion to withdraw as attorney (ECF No. 211) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the current resentencing hearing scheduled for June 7, 2024, at 10:00 AM be CONTINUED. An order setting a new hearing time and appointing the defendant new counsel will follow.

DATED June 5, 2024.

James C. Mahan

UNITED STATES DISTRICT JUDGE