UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-cr-00269-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| LESEAN BRADDOCK, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Adjust the Restitution Payment Schedule and the Government's Opposition thereto. ECF Nos. 234, 236. Defendant argues he has suffered a material change in economic circumstances and seeks to limit his restitution payments to the greater of 50% of his prison employment earnings or $25.00 once a quarter. Defendant says he no longer has access to "UNICO-based employment or an … [Inmate Performance Pay] wage large enough to cover … the schedule of payments." ECF No. 234 at 3. Defendant further submits money received from family and friends "is not a guaranteed source of income …. *Id*.

The Government responds that following Defendant's conviction the Court entered an amended judgment imposing $2,4000 in restitution and a $600 special assessment. ECF No. 236 at 1-2 *citing* ECF No. 221 at 7. The Government cites 18 U.S.C. § 3664(o)(1)(D) and *United States v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008), and argues Defendant fails to demonstrate a material change in his economic circumstances sufficient to support his request. *Id*. at 2-4.

In *Lemoine*, the Ninth Circuit discussed the Bureau of Prison's Inmate Financial Responsibility Program ("IFRP") and 18 U.S.C. § 3664(k). 546 F.3d at 1050. The court stated: "Permitting the [Bureau of Prisons ("BOP")] … to [independently] develop voluntary financial plans through the IFRP not only assists the BOP to meet its rehabilitative goals for prisoners, it also ameliorates the practical difficulties engendered by requiring sentencing courts to set a restitution payment schedule without knowledge of whether a defendant will be employed in prison or the

1

amount he will receive in wages or outside assistance." *Id*.  Under 28 C.F.R. § 545.11(b), restitution "[p]ayments may be made from institution resources or non-institution (community) resources."

The Government explains that since December 2025, $932.92 has been deposited into Defendant's inmate trust account, of which $880.00 came from friends and family.  ECF No. 236 at 3-4.  Only $52,92 was deposited into Defendant's trust account arising from his prison work assignments.  *Id*. at 4; ECF No. 236-1.  Defendant paid no restitution in April or May 2026, and only $29.00 in prior months.  *Id*.  As stated in *Lemoine*: "Under the IFRP, [BOP] unit staff [may] develop a financial plan for each inmate …."  *Lemoine*, 546 F. 3d at 1047 *citing* 28 C.F.R. § 545.11.  In doing so, the … [staff] conduct[s] an independent assessment of inmates' abilities to pay by reviewing their financial obligations and all available documentation."  *Id*. *citing* 28 C.F.R. § 545.11(a). (internal quote marks removed).  Moreover, "[t]he IFRP allows the BOP to respond immediately to an inmate's changing financial circumstances and saves scarce judicial resources from being consumed by frequent motions to alter judgments."  *Id*. at 1050.

Modification to Defendant's restitution obligation requires a "bona fide change in the defendant's financial condition."  *United States v. Frazer*, Case No. Cr-12-01836-001-PHX-GMS, 2019 WL 4736731, at *1 (D. Ariz. Sept. 27, 2019) *quoting United States v. Dale*, 613 Fed.Appx. 912, 913 (11th Cir. 2015).  Further, it is Defendant's burden to demonstrate the resources to which he has access.  *Id*. *citing* 18 U.S.C. § 3664(e).  Here, the facts presented do not represent changed financial circumstances supporting the conclusion that in the absence of UNICO-based employment Defendant will be unable to meet the restitution schedule instituted by the BOP.  The overwhelming source of funds to which Defendant has access is not prison employment, but community—friends and family—based.  ECF No. 236-1.  Thus, under this factual circumstance, the Court finds Defendant does not establish a bona fide change in his financial circumstances warranting a cap on the amount in restitution payments he must make.

Accordingly, IT IS HEREBY ORDERED that the Defendant's Motion to Adjust the Restitution Payment Schedule (ECF No. [234]) is DENIED without prejudice.  Should additional

evidence become available or there be a bona fide change to Defendant's financial circumstances in the future, he is not foreclosed from filing a renewed request to modify his restitution payment schedule.

Dated this 15th day of June, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE